UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **SIDE BY SIDE REDEVELOPMENT, INC.** | * | |
| **AND** | * | **CIVIL ACTION:** |
| **2323 IBERVILLE, INC.** | * | |
| | * | **JUDGE:** |
| *Plaintiffs* | * | |
| | * | |
| **VERSUS** | * | **MAGISTRATE:** |
| | * | |
| **THE CITY OF NEW ORLEANS,** | * | |
| **JULIUS NUNN, in his official capacity,** | * | |
| **NORMAN WHITE, in his official capacity,** | * | |
| **ERROL WILLIAMS, in his official capacity** | * | |
| *Defendants* | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*

### PETITION FOR WRITS OF MANDAMUS AND COMPLAINT

I.

PARTIES

**Plaintiffs** in this matter are as follows:

   **(1) Side by Side Redevelopment, Inc., and**

   **(2) 2323 Iberville, Inc.**

Both Louisiana corporations domiciled in the Parish of Orleans, State of Louisiana.

**Defendants** in this matter are as follows:

   (1) **The City of New Orleans** (the "City"), a political subdivision of the State of Louisiana;

   (2) **Julius Nunn** ("Nunn"), who is the Chief, Bureau of the Treasury for the City of New Orleans and a person of full age and a domiciliary of the City of New Orleans, State of Louisiana who is being sued in his official capacity;

(3) **Norman White** ("White"), who is the Chief Financial Officer and Director of Finance for the City of New Orleans and a person of full age and a domiciliary of the City of New Orleans, State of Louisiana who is being sued in his official capacity; and

(4) **Errol Williams** (hereinafter sometimes referred to as "Assessor"), who is the duly-elected Assessor for the Parish of Orleans, State of Louisiana and a person of full age and domiciliary of the City of New Orleans, State of Louisiana who is being sued in his official capacity.

II.

JURISDICTION

This action arises under the **Due Process Clause** under the Fifth and Fourteenth Amendments to the United State Constitution, as well as the provisions of **42 U.S.C. §1983**, providing for civil action for deprivation of rights. Federal question jurisdiction is vested in this Honorable Court pursuant to **28 U.S.C. § 1331**. The plaintiff also brings state-law claims under the Court's supplemental jurisdiction provided in **28 U.S.C. § 1367.**

III.

STATEMENT OF CLAIM

The two Complainants, Louisiana corporations, acquired immovable property bearing the municipal address 2323 Iberville St. in the City of New Orleans, State of Louisiana. Side by Side Redevelopment, Inc. ("SBS") initially acquired the property by virtue of tax sale in 2004 and subsequently transferred the property to 2323 Iberville, Inc., by virtue of a Quit Claim Deed

dated March 4, 2015, and recorded as instrument number 572667 in the Conveyance Records for the Parish of Orleans, State of Louisiana.

IV.

Subsequent to its acquisition of the property referenced in paragraph III, SBS filed yearly requests with the City of New Orleans to obtain non-profit tax-exempt status for the subject properties, since SBS was a non-profit corporation under the laws of the State of Louisiana since 2003.

V.

The intent of SBS was to provide employment by restoring/rescuing blighted historical or already damaged properties and returning said properties to commerce.

VI.

The complainants – and other corporations in which William Alden MD ("Alden") was a member/director, acquired numerous properties by tax sale in the aftermath of Hurricane Katrina, all with the same intention of preventing blight and returning said tax sale properties to commerce and providing construction and laborer employment to individuals who were otherwise unemployable because of either disability or criminal background.  Furthermore, the non-profit had the objective of assisting these disabled or otherwise unemployable individuals in finding affordable housing, and to assist in financing and securing such housing.

VII.

The City of New Orleans negligently failed to act on applications and requests after 2005 for non-profit status sought by SBS and the other corporations, on various properties acquired by complainant and other non-profit corporations in which Alden was involved. Non-profit property tax exemptions had been obtained previously on the same properties with the same property tax exempt applications in past years.

VIII.

Side by Side Redevelopment, Inc. owns tax, quit claim, and other titles to a number of properties in Orleans Parish, specifically owning the following municipal address properties:

(a) 3700 Milan/4207 S. Tonti Street 70125 –lot
(b) 820 N. Galvez Street A-B 70119 -lot
(c) 2600 Thalia Street A-D 70113 –lot
(d) 2604 Thalia Street A-D 70113 –lot
(e) 838 Belleville, 70114 -lot
(f) 2320 Delachaise Street A-D 70115 –lot
(g) 1939 General Taylor 70115 – building
(h) 3701 Baronne Street 70115 – building

The above referenced properties were always used for strictly charitable purposes, with the aim of preventing blight and providing affordable housing to low income individuals once property titles have been cleared, and the properties could be restored to commerce. The mission of SBS was to provide construction, management, landscaping and maintenance jobs to individuals who were otherwise unemployable in the mainstream of employment, i.e. previous substance abuse problems, past criminal convictions, physical or mental disabilities, etc. The future mission of SBS is to establish community gardens in the empty lots until the properties can be more fully developed and be put back into general commerce as residential properties.

IX.

The non-profit held properties are exempt from *ad valorem* taxes pursuant to Article VII, §21 of the Louisiana Constitution of 1974 as property owned by a non-profit corporation or association organized and operated exclusively for charitable purposes, no part of the net earnings of which inure to the benefit of any private shareholder or member thereof and which is declared to be exempt from federal or state income tax. None of the properties are owned, operated, leased or used for commercial purposes unrelated to the exempt purposes of the corporation or association.

X.

In addition, the City of New Orleans knowingly failed to update the property owner address on the tax bill for the above referenced properties, including the property located at 2323 Iberville Street, and continued, over the next several years, to send tax bills to addresses other than that of the non-profit corporation property owner.

XI.

To further complicate matters, the City of New Orleans had in previous years granted non-profit tax-exempt status to some of the properties owned by non-profit corporate entities where Dr. Alden is a member.  Since the consolidation of the City assessors, the City assessor has apparently failed to process the non-profit property tax exemption applications for 2323 Iberville Street .  No tax bills were ever received on the 2323 Iberville property by the non-profit corporation that had applied for non-profit property tax exempt status; the lack of written

property tax notice was due either to an approved tax exempt status which was never acted upon by the City assessor's office, and/or incorrect property owner addresses.

XII.

Thus, Dr. Alden and SBS reasonably believed, due to the inconsistent handling of these property tax exempt applications by the City of New Orleans in the past, that the subject property had in fact been granted retroactive non-profit property tax exempt status, since no tax bills or other related correspondence denying tax exempt status were ever received.

XIII

Without Dr. Alden's knowledge, the City of New Orleans continued to impose *ad valorem* taxes and tax liens on properties that should have been tax exempt, through the Assessor for the City of New Orleans, Errol Williams; and through the former Treasurer for the City of New Orleans, Norman Foster.

XIV.

Complainant suggests that the City of New Orleans has a duty to promptly act on requests for non-profit property tax exempt status, notify applicants as to the disposition of their applications, as well as to maintain current records of the addresses of owners of properties in the City, particularly those properties sold under its guidance by tax and adjudicated property sales.

XV.

As a result of the City of New Orleans failing to properly execute its duties in these matters, the subject non-profit corporation has been forced to redeem properties illegitimately

sold at tax sale subsequent to its acquisition thereof; and has been charged with significant interest and penalties for the failure to pay taxes of which it received no notice. In addition, the non-profit corporation had to pay considerable legal expenses to litigate and cancel subsequent tax sales on these properties that were supposed to be property tax exempt.

XVI.

As an alternative to receiving property tax exempt status; and after discovering that tax exempt applications may not have yet been processed on many of the subject properties, SBS through Dr. Alden filed property tax appeals with the Louisiana Tax Commission to lower the inequitable property tax burden. SBS discovered that the City had continued to assess property taxes, interest, and penalties; without apparently ever processing the non-profit property tax exemption applications or implementing the property tax exempt status. SBS then filed property tax appeals with the Louisiana Tax Commission seeking to have the assessed value of the properties reduced to fair market value through the LTC appraisal process. Administrative appeals relating to 2323 Iberville Street were filed in 2012 (Docket # 12-22172-045) and 2015 (Docket # 15-22172-058), the result of which was a considerable lowering of the assessed values of the subject property.

XVII.

Despite these property tax appeals and the decision of the Louisiana Tax Commission ("LTC") in favor of SBS; the City of New Orleans continued to assess the property at a much higher property value and failed to secure these LTC values for four years, contrary to what the current policy dictates. The City Assessor's office continued to send tax bills to the wrong property owner addresses and failed to process the applications filed seeking tax exempt status.

Both the City Assessor and Treasury office acknowledged that they used an incorrect and outdated property owner data base to forward property tax assessment, but they stated that the only recourse available was for the property owner to file legal action.

XVIII.

Due largely to Complainants' inability to do anything with the subject property because of the inactions of Defendants, SBS, on March 4, 2015, transferred the subject property to 2323 Iberville, Inc., of which Dr. Alden is also a member/shareholder. 2323 Iberville, Inc. then sold the property at a loss to a third party purchaser, Giles Bettison Design, LLC, on April 18, 2017. At the time of the sale, it was compulsory for funds to be escrowed with the closing attorney in an amount sufficient to cover the disputed property taxes on the property; even without considering the failure of the City to act for years on non-profit property tax exempt applications, the lower property valuations ordered by the Louisiana Tax Commission, and the unlawful interest and penalties accruing thereon on the inflated property tax assessments.

XIX.

Since the property taxes were still unpaid, the new owners of the property have been unable to get the required work permits from the City to perform any improvements on the property since their purchase of the property in April of 2017.

XX.

SBS and 2323 Iberville, Inc. met with on a number of occasions with representatives of the Orleans Parish Assessor's Office and was finally able to get a change order reflecting the

lowered valuation of the property in accordance with the orders of the Louisiana Tax Commission, and to have the interest and penalties forgiven.

XXI.

However, when SBS and 2323 Iberville, Inc. contacted the Treasury Department for the City of New Orleans, its representative stated that, even though the change order had been granted, they would not issue an amended tax bill, and that the extraordinarily high full amount of all the property taxes for each property would have to be paid in full.  This property tax assessment was in excess of ~$40,000, and included the excess property taxes, interest and penalties which had already been removed by the assessor's office.  The City said that upon the issuance of new tax bills in 2019, the property owner would be notified if any refund was due. The City made no mention of the tax refund status of the previous property owners.   At that time the former property owners would be informed of the steps necessary to begin the administrative process to obtain a "possible" property tax refund.  Both corporations and the new purchaser were unable to obtain an amended tax bill in order to pay the correct amount of taxes due. SBS and/or 2323 Iberville were told that they had no other administrative remedy other than to pay the exorbitantly high and falsely inflated property taxes, and then rely on the proper City administrative agencies to refund the property tax overpayment – the very same City agencies whose inaction necessitated the filing of this suit in the first place.  Since all available administrative remedies were sought in good faith by SBS and 2323 Iberville, Inc., all to no avail, the Complainants herein have determined they have no other choice but to seek this recourse through this Honorable Court, rather than continuing to be bounced from one department to another with the City's ineffectual administrative remedies.   In fact, the City has stated repeatedly, that our only recourse is legal action.

## RELIEF SOUGHT

### XXII.

### WRITS OF MANDAMUS TO CITY OF NEW ORLEANS

Complainants respectfully seek an order from this Honorable Court to compel the City of New Orleans, through its various administrative agencies, to:

(1) Immediately act upon the request for tax exempt status requested by Side by Side Redevelopment, Inc. from the time of its acquisition of the properties through the date of the sale thereof to 2323 Iberville, Inc.;

(2) Order the City of New Orleans to issue an amended tax bill consistent with its decision on tax exempt status and/or the terms of the change order issued by the Assessor, reducing the assessed value and forgiving interest and penalties, in favor of both Side by Side Redevelopment, Inc. (if determined to not be non-profit) and 2323 Iberville, Inc.; and

(3) Order the City of New Orleans, through the Assessor's Office, to change the address on the tax bills to reflect the addresses of the current property owners.

Neither the City of New Orleans nor its various agencies would be prejudiced by the above requests for Writs of Mandamus, because it is the Constitutional and Statutory duty of the City of New Orleans and is various agencies to timely respond to requests for tax exempt status, amend tax bills in compliance with change orders issued by the Assessor, reverse property adjudications to the City, and to mail tax bills to the appropriate address of the property owner.

OTHER RELIEF SOUGHT THROUGH COMPLAINT

Complainants respectfully seek an award of costs, reasonable fees under the provisions of 42 U.S.C. 1988, and for any other damages proven at trial and permitted under Louisiana and Federal laws in an amount to be determined by this Honorable Court.

XXIII.

CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this Complaint: 1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; 2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; 3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and 4) the Complaint otherwise complies with the requirements of Rule 11.

**WHEREFORE**, your Complainants, Side by Side Redevelopment, Inc., and 2323 Iberville, Inc., pray that after due proceedings, there be judgment herein in their favor and against Defendants for any and all damages that are reasonable in the premises, including attorney fees and all costs of these proceedings; and, for any and all other general and equitable relief as deemed necessary and proper by this Honorable Court from the factual representations made herein.

Respectfully submitted:
**SANDERS AND FORD, LLC**

*/s/ Patrick B. Sanders*
PATRICK B. SANDERS, #32674
4480 General DeGaulle Drive, Suite 203
New Orleans, Louisiana 70131
Telephone:    (504) 463-4352
Facsimile:    (504) 437-1665
Email: psanders@sandersandford.com