UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SIDE BY SIDE REDEVELOPMENT,          CIVIL ACTION
INC. AND 2323 IBERVILLE, INC.

                                   NO. 18-7649
VERSUS

                                   SECTION M (4)
THE CITY OF NEW ORLEANS, *et al.*

## <u>ORDER & REASONS</u>

Defendants the City of New Orleans ("City"); Julius Nunn, in his official capacity as chief of the Bureau of Treasury for the City of New Orleans ("Nunn"); Norman White, in his official capacity as *ex officio* tax collector for the City of New Orleans ("White"); and Errol G. Williams, in his official capacity as assessor for Orleans Parish (collectively "Defendants") move this Court to dismiss the complaint filed by plaintiffs Side by Side Redevelopment, Inc. ("SBS") and 2323 Iberville, Inc. ("2323 Iberville") (collectively "Plaintiffs").[1]  Having considered the parties' memoranda and the applicable law, the Court finds that it does not have jurisdiction over this suit by operation of the Tax Injunction Act, 28 U.S.C. § 1341.[2]

## I.    BACKGROUND

This case concerns a property tax dispute.  Plaintiffs filed the instant petition for a writ of mandamus and complaint alleging that the City's administration of the *ad valorem* property tax system, including its processing of tax-exempt forms, is unconstitutional in that it deprives citizens of due process.[3]  Plaintiffs allege that SBS acquired immovable property located at 2323 Iberville Street, New Orleans, Louisiana ("the Property"), at a tax sale in 2004, and subsequently

---

[1] R. Docs. 6 & 15.  Plaintiffs filed memoranda in opposition to the motions.  R. Docs. 7 & 16.  The City, Nunn, and White filed a reply memorandum in support of their motion to dismiss.  R. Doc. 19.
[2] Defendants raise various arguments in their motions including lack of standing and failure to state a claim upon which relief can be granted as well as lack of subject-matter jurisdiction.  *See* R. Docs. 6-1 & 15-1.  Though several appear to have merit, it is unnecessary to discuss each of these arguments because this Court lacks jurisdiction over this case.
[3] R. Doc. 1.

transferred the Property to 2323 Iberville by a quit claim deed on March 4, 2015.[4]   Plaintiffs

claim that SBS filed yearly requests with the City to obtain non-profit tax-exempt status for all of

their properties, but the City and tax assessor failed to timely act on those applications and

continued to impose *ad valorem* taxes, interest, penalties, and tax liens on the properties.[5]   In

2012 and 2015, SBS filed successful appeals with the Louisiana Tax Commission to lower the

assessed value of the Property.[6]   Plaintiffs allege, however, that the City continued to assess

taxes on the Property at a higher property value, sent related tax bills to the wrong person, and

continually failed to act on the tax-exempt applications.[7]

On April 18, 2017, 2323 Iberville sold the Property to Giles Bettison Design, LLC.[8]   At

the time of the sale, funds were placed in escrow with the closing attorney to cover the disputed

property taxes.[9]   Plaintiffs allege that they have met with representatives of the assessor's office

on multiple occasions and were successful in getting the Property's assessed value lowered in

accordance with the Louisiana Tax Commission's orders and having the interest and penalties

forgiven.[10]  However, Plaintiffs allege that the City's treasury department refused to issue an

amended tax bill, and advised them that they have to pay the full amount of the disputed past-due

tax bill and then seek a refund for the overpayment.[11]

Dissatisfied with this result, Plaintiffs filed the instant suit seeking a writ of mandamus

compelling the City to act upon their requests for tax-exempt status, issue an amended tax bill,

---

[4] *Id.* at 2-3.
[5] *Id.* at 3-7.   Throughout their complaint, Plaintiffs interweave allegations about the Property with allegations about all of their properties, making it unclear about what property or properties they consider to be the subject of the relief they seek.  Given the Court's disposition of the instant motions, it is unnecessary to resolve this ambiguity.
[6] *Id.* at 7.
[7] *Id.* at 7-8.
[8] *Id.* at 8.
[9] *Id.*
[10] *Id.* at 8-9.
[11] *Id.* at 9.

and change the addresses on the tax bills to reflect the current property owners.[12]  Plaintiffs also

seek costs, fees, and other damages.[13]

## II.    LAW & ANALYSIS

### A.  Rule 12(b)(1) Standard

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits a party to challenge a

court's subject-matter jurisdiction.  "[A] claim is 'properly dismissed for lack of subject-matter

jurisdiction when the court lacks the statutory authority or constitutional power to adjudicate' the

claim." *Griener v. United States*, 900 F.3d 700, 703 (5th Cir. 2018) (quoting *In re FEMA Trailer*

*Formaldehyde Prod. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012)).  The party asserting

jurisdiction bears the burden of proving that subject-matter jurisdiction exists.  *Id.*  "Lack of

subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone;

(2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint

supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v.*

*United States*, 281 F.3d 158, 161 (5th Cir. 2001).  "A motion to dismiss for lack of subject-

matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any

set of facts in support of his claims entitling him to relief." *Sureshot Golf Ventures, Inc. v.*

*Topgolf Int'l, Inc.*, 754 F. App'x 235, 235 (5th Cir. 2018) (citing *Wagstaff v. U.S. Dep't of Educ.*,

509 F.3d 661, 663 (5th Cir. 2007)).

### B.  Tax Injunction Act

The Tax Injunction Act provides that "[t]he district courts shall not enjoin, suspend or

restrain the assessment, levy or collection of any tax under State law where a plain, speedy and

efficient remedy may be had in the courts of such State."  28 U.S.C. § 1341.  The Fifth Circuit

has held that "[s]ection 1341 reflects 'the fundamental principle of comity between federal courts

---

[12] *Id.* at 10.
[13] *Id.* at 11.

and state governments that is essential to Our Federalism, particularly in the area of state taxation.'" *Washington v. New Orleans City*, 424 F. App'x 307, 309-10 (5th Cir. 2011) (quoting *Fair Assessment in Real Estate Ass'n, Inc. v. McNary*, 454 U.S. 100, 103 (1981)). "Embodied within the statute is the duty of federal courts to withhold relief when a state legislature has provided an adequate scheme whereby a taxpayer may maintain a suit to challenge a state tax." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (internal quotation marks and citation omitted). "In short, 'the Tax Injunction Act is a broad jurisdictional impediment to federal court interference with the administration of state tax systems.'" *ANR Pipeline Co. v. Louisiana Tax Comm'n*, 646 F.3d 940, 946 (5th Cir. 2011) (quoting *Home Builders Ass'n*, 143 F.3d at 1010).

Plaintiffs argue that the Tax Injunction Act does not apply because they do not seek to avoid paying the taxes, but instead, seek action on their tax-exempt status applications and a ruling that the proper amount of taxes be determined in accordance with the value assessed by the Louisiana Tax Commission, not the assessor's office.[14] Plaintiffs further argue that the City's current method of processing tax-related matters is so inefficient and disorganized that it does not provide an adequate remedy.[15]

Plaintiffs' argument is unpersuasive on several levels. First, Plaintiffs do seek to avoid paying what they describe as the "exorbitant amount of taxes" billed to them.[16] This reality undermines at the outset Plaintiffs' contention that the Tax Injunction Act does not bar their suit.

Second, the Fifth Circuit has clearly stated that the Tax Injunction Act "is not a narrow statute aimed only at injunctive interference with tax collection, but is rather a broad restriction on federal jurisdiction in suits that impede state tax administration." *United Gas Pipe Line Co. v. Whitman*, 595 F.2d 323, 326 (5th Cir. 1979). In that vein, the Fifth Circuit has held that the fact

---

[14] R. Doc. 16 at 6.
[15] *Id.* at 7.
[16] *Id.* at 5.

that a suit, which in essence sought a refund of taxes, was framed as an action for civil rights violations under 42 U.S.C. § 1983, does not preclude the application of the Tax Injunction Act. *Moss v. State of Ga.*, 655 F.2d 668, 669 (5th Cir. 1981). Mandamus relief of the sort requested by Plaintiffs, including ordering state and city tax officials to take certain steps in handling requests for tax-exempt status, tax bills, and, in effect, refund claims, is tantamount to injunctive relief and would require this Court's interference in Louisiana's administration of its tax system. *Rosewell v. LaSalle Nat'l Bank*, 450 U.S. 503, 527 (1981) (civil rights suit seeking injunctive relief against county treasurer and assessor barred by Tax Injunction Act because, *inter alia*, "state tax administration might be thrown into disarray, and taxpayers might escape the ordinary procedural requirements imposed by state law" if federal injunctive relief were available) (internal quotation marks and citations omitted); *A Bonding Co. v. Sunnuck*, 629 F.2d 1127, 1130 (5th Cir. 1980) ("equitable principles, principles of federalism, and recognition of the imperative need of a State to administer its own fiscal operations require that special restrictions be placed on federal jurisdiction when" state tax system is challenged) (internal quotation marks and citation omitted). Any threats to state tax administration should come only from state courts, which, given its express wording, is a principal objective of the Tax Injunction Act. *Sunnuck*, 629 F.2d at 1133. "Thus, the Court may not exercise jurisdiction unless Louisiana fails to provide a 'plain, speedy, and efficient remedy' for plaintiff's claims." *Brown v. Williams*, 2017 WL 117900, at *3 (E.D. La. Jan. 12, 2017) (quoting 28 U.S.C. § 1341).

A state satisfies the requirement of a plain, speedy, and efficient remedy if it "provide[s] a procedural vehicle that affords taxpayers the opportunity to raise their federal constitutional claims." *Home Builders Ass'n*, 143 F.3d at 1012. "A state's remedy is therefore adequate when it provides taxpayers with a complete judicial determination, with ultimate review available in the United States Supreme Court." *Brown*, 2017 WL 117900, at *3 (citing *Smith v. Travis Cnty. Educ. Dist.*, 968 F.2d 453, 456 (5th Cir. 1992)).

Louisiana has a procedural method for taxpayers to raise constitutional challenges to state taxation regimes – namely, Louisiana's statutorily-provided mechanisms for payment-under-protest and refund suits in state court.[17]  *Id.*  The Fifth Circuit has held that these procedures constitute an adequate remedy under the Tax Injunction Act.  *Id.* (citing *Washington*, 424 F. App'x at 310; *ANR Pipeline*, 646 F.3d at 946; *MRT Expl. Co. v. McNamara*, 731 F.2d 260, 263 n.5 (5th Cir. 1984)).

Third, and finally, missing the mark is Plaintiffs' argument that the City's current method of processing tax-related matters is plagued by delay and inefficiency.  This argument is directed against administration of the tax system, not the state's remedy, which the Fifth Circuit has held to be adequate to address claims like Plaintiffs'.  Moreover, "the state remedy need not be the best of all remedies.  It need only be adequate."  *Home Builders Ass'n*, 143 F.3d at 1012 (quotation and citation omitted).  Thus, The Tax Injunction Act precludes this Court from exercising jurisdiction over this matter.

## IV.    CONCLUSION

Accordingly, for the foregoing reason,

IT IS ORDERED that Defendants' motions to dismiss (R. Docs. 6 & 15) are GRANTED, and Plaintiffs' complaint is DISMISSED WITHOUT PREJUDICE.

New Orleans, Louisiana, this 13th day of June, 2019.


BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

[17] Interestingly, in their opposition memorandum, Plaintiffs imply that they are currently engaged in the state-provided process when they admit that they have paid the taxes under protest out of the escrowed funds from the sale of the Property.  R. Doc. 16 at 5.  That Plaintiffs are presently pursuing remedies provided by state law highlights the salutary nature of the Tax Injunction Act's mandate that federal courts avoid interfering with such efforts.